**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph Lee LEWIS, Defendant-Appellant.**

**No. 71–2954.**

United States Court of Appeals,
Ninth Circuit.

July 14, 1972.

---

**960**

Lupe Martinez, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Paul G. Flynn, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before TRASK and CHOY, Circuit Judges, and RENFREW,* District Judge.

RENFREW, District Judge:

On September 28, 1971, following a trial by the Court, appellant was found guilty of a charge of bank robbery (18 U.S.C. § 2113(a)). This conviction is now before us on an appeal in which two issues are raised. The first is the admissibility of certain statements made by appellant to the arresting agent. The second concerns the permissibility of a photographic identification procedure employed by the Government attorney in this case.

Appellant contends that the trial court erred in refusing to grant a motion to strike the testimony of an FBI agent relating to statements made by the appellant immediately following his arrest in that any statements made by appellant were coerced and in violation of his Constitutional rights, as set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). There is nothing in the record of this case to substantiate such a claim. The circumstances surrounding the arrest and the statements made by appellant to the agent are certainly not on their face unduly coercive or threatening. The arresting agent testified that he informed appellant of his rights and appellant appeared to understand them; that appellant's ability to comprehend did not appear to be in any way impaired at the time; that appellant signed an Advice of Rights form; and that appellant voluntarily agreed to speak. There is no evidence which would support a contrary conclusion. That three or four officers participated in the arrest and that they may have drawn their guns in making that arrest does not serve to invalidate appellant's statements. There is nothing to suggest that the statements in issue were the product of any coercion.

Appellant also contends that the photographic identification procedure employed on the eve of the trial by the Government attorney who tried the case below was "so impermissibly suggestive

---

* Honorable Charles B. Renfrew, United States District Judge, Northern District of California, sitting by designation.

as to give rise to a very substantial likelihood of irreparable misidentification" (Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968)). On the night before the trial, the Government attorney displayed three photographs to the bank teller who testified the next day. This teller was the victim of the robbery and the only eyewitness to the commission of the crime. Appellant's counsel was not present at the viewing of the photographs. Unfortunately the photographs in question were not introduced in evidence at the trial, and therefore were not part of the record on appeal. However, it is clear from the testimony at trial that of the three photographs, one had been shown to the teller shortly after the crime and at that time she stated it was not the robber. The photograph of appellant was conspicuous in that it had "Los Angeles Police 4 15 71" written across it.[1] Appellant argues that this identification procedure was so suggestive as to taint any identification made by the witness at the trial.

The use of such a practice is certainly not to be recommended. The risk of inducing irreparable misidentification through such a procedure is great, and any possible benefit to the interests of justice is minimal at best. This was not a case where the suspect was still at large and photographic identification was necessary to aid in securing the arrest of the criminal. At the time of this photographic display, appellant had already been in custody for almost two months. Likewise, it was not a situation where the photographs were shown to the witness shortly after the crime at a time when her impression of the events was still fresh. The witness had already made a lineup identification of appellant at a point in time far closer to the commission of the crime. It would appear that the sole purpose for the photographic display in question here was to influence the witness's identification of appellant immediately prior to the trial by use of a highly suggestive procedure.

In the abstract the photographic identification procedure which was employed in this case raises serious problems, and there are many situations in which the rights of appellant could be so irreparably affected that a verdict would have to be set aside. However, in the present case there was substantial evidence from which the trial court could properly have concluded that use of this procedure did not prejudice the rights of appellant. Although the record is confused in part, the teller did testify that she made her in-court identification independently of the photographic display. In addition, there had been a prior lineup identification of appellant by this witness. Employing the totality of the circumstances, it does not appear that the trial court was unreasonable in admitting her in-court identification. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L. Ed.2d 1199 (1967).

Even assuming that the photographic identification procedure employed here was so impermissibly suggestive as to invalidate the teller's in-court identification, there was sufficient additional evidence to connect appellant to the crime. At the time of his arrest appellant had in his possession a twenty-dollar bill which was identified as having been taken from the bank during the robbery. Appellant's car was positively identified as having been seen leaving the scene of the crime. A shirt belonging to appellant was identified as matching the shirt worn by the robber. Finally, and most significantly, an eyewitness who was passing the bank at the time of the crime made an in-court identification in which he stated he was seventy per cent certain that appellant was the man he had seen leaving the bank and entering appellant's car with a handful of money. This was the same man who took down the license number from which appel-

---

1. This is significant in that the robbery took place at a branch of the Security Pacific National Bank in Los Angeles.

lant's car was identified. In light of the substantial nature of this additional evidence, any impermissible suggestiveness resulting from the photographic identification procedure was harmless. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); United States v. Faulkner, 447 F.2d 869, 871 (9 Cir. 1971).

The conviction is affirmed.